Douglas Watson and Larry Joe Perry v. Dallas ISD et al
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-00044-CV

     DOUGLAS WATSON
     AND LARRY JOE PERRY,
                                                                         Appellants
     v.

     DALLAS INDEPENDENT SCHOOL
     DISTRICT, ET AL.,
                                                                         Appellees
 

From the 40th District Court
Ellis County, Texas
Trial Court # 53481
                                                                                                                
                                                                                                         
CONCURRING AND DISSENTING OPINION
                                                                                                                

      The majority has characterized all of the conduct of DISD as flowing from the June 1,
1995 incident. Thus, they apply the whistleblower statute in effect on that date to the
complaints about all the adverse employment actions. This is not correct. There are three
discrete acts of adverse employment raised in the pleadings and summary judgment evidence
about which Watson and Perry complain. They are as follows:
(1) June 1, 1995. It is alleged that on this date Watson and Lowrey had a heated
conversation regarding the TNRCC matter during which Lowrey temporarily fired
Watson and threatened to fire Perry;
 
(2) July 21, 1995. It is alleged that on this date Watson and Perry were put on
probation.
 
(3) August 11, 1995. It is alleged that on this date Watson and Perry were reassigned
to the P&G site despite their physicians’ request to the contrary.

Because two of these acts occurred after the amendments to the statute regarding exhaustion of
remedies, these acts are covered by the amended statute. 
      The enabling statue for the 1995 amendment specifically provides that it applies to
“adverse personnel action taken against a public employee on or after the effective date of this
Act.” Act of May 24, 1995, 74th Leg., R.S., ch. 721, § 11, 1995 Tex. Gen. Laws 3812,
3815. Adverse personnel actions taken prior to the effective date of the statute are governed
by the former law. See Wagner v. Texas A & M University, 939 F. Supp. 1297, 1321-1323
(S.D. Tex. 1996). The determination of which law is applicable thus focuses on the specific
adverse employment action about which complaint is made, not the first adverse action.
      The logical application of the enabling statute to these facts is that each of the three
specific instances of adverse employment action gave rise to a separate violation of the statute,
and accordingly, the administrative process must be invoked and exhausted as to each. A
hypothetical based on the facts of this case provides a good example of why this must be the
law. According to the pleadings, Watson was temporarily fired on June 1, 1995, in violation
of the statute. What if Watson decided the violation was not significant and decided to not
pursue it? Further assume, 91 days after the June 1, 1995 termination-for-a-day incident,
Watson is fired, permanently. Is he barred from bringing a claim because he did not pursue
his administrative remedy for the June 1, 1995 incident within the time frame required by the
1993 statue? That is the effect of the holding of the majority.
      Weighing all the consequences of treating each of these specific acts as a single violation
or as multiple violations, the purpose of the statute is best fulfilled by treating each specific
adverse personnel action as a separate violation. The employee will be able to evaluate the
adverse consequences of each alleged adverse personnel action and decide if it justifies
bringing a claim and to what level the individual desires to pursue it.
      The majority uses DISD’s employment policy to overrule the clear language of the
statute.


 Neither DISD or this Court can cause DISD’s policy to control what statute applies to
each of the alleged adverse employment actions.
      As noted above, Watson and Perry make three specific complaints about adverse personnel
actions occurring on different dates. There is a significant question of whether Perry’s
allegation that Lowrey threatened to fire him on June 1, 1995 is an adverse employment action
that is actionable; but a jurisdictional issue is not the proper manner to dispose of this claim. 
As to Perry, it may mean that he suffered no adverse employment action prior to the change in
the whistleblower statute. The claims of adverse employment actions against Watson and
Perry in July and August are claims that arose under the amended version of the whistleblower
statute. It is not disputed that if the amended version of the whistleblower statute applies to the
July and August claims Watson and Perry have not complied with the exhaustion requirements
of that statute either because they did not commence any administrative proceeding or did not
elect to terminate the procedure already begun. They simply filed suit and continued to pursue
both. This they cannot do with the regard to the claims that arose after June 15, 1995.
      Watson and Perry properly invoked the trial court’s jurisdiction for their complaints about
the incidents which occurred in June under the prior version of the statute. These are the only
complaints about which the trial court had jurisdiction. Accordingly, these are the only claims
that I would remand to the trial court for determination. The trial court does not have
jurisdiction of the July and August claims and properly dismissed those claims. Because the
majority remands these claims to the trial court, I respectfully dissent.
      I concur with the majority’s disposition of Watson’s and Perry’s remaining issues.


                                                                   TOM GRAY
                                                                   Chief Justice

Dissenting and concurring opinion issued and filed March 24, 2004